UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STONCOR GROUP, INC.,

    Plaintiff,

v.

CHRISTOPHER CAMPTON, et al.,

    Defendants.

CASE NO. C05-1225JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on Defendants' motion for a judgment on the pleadings (Dkt. # 98) and Defendants' second (Dkt. # 100) and third (Dkt. # 104) motions to compel discovery.[1] Having read the papers filed in support and in opposition, the court GRANTS in part and DENIES in part Defendants' second motion to compel, DEFERS consideration of Defendants' third motion to compel, and DENIES Defendants' motion to dismiss for the following reasons.

---

[1] In the future, the court requests that the parties take note of the following alteration to the Electronic Filing Procedures for all cases before Judge Robart: when the aggregate submittal to the court (i.e., the motion, any declarations and exhibits, the proposed order, and the certificate of service) exceeds 50 pages in length, a paper copy of the documents (with tabs or other organizing aids as necessary) shall be delivered to the Clerk's Office for chambers, in addition to electronically filing the document. The paper copy must be clearly marked with the words "Courtesy Copy of Electronic Filing for Chambers."

ORDER - 1

## II.  BACKGROUND & ANALYSIS

Plaintiff StonCor Group, Inc. (a/k/a "Stonhard")[2] filed suit against Christopher Campton and his new employer, Hi-Tech Interiors, Inc. ("Hi-Tech").  Both Stonhard and Hi-Tech engage in the business of polymer floor installation.  Mr. Campton left Stonhard to work for Hi-Tech in April of 2005.  Stonhard alleges, among other claims, that Defendants misappropriated trade secrets and that Mr. Campton breached his employment contract's non-compete provision.

The parties began discovery in July of 2005 on an expedited basis and the court recently extended the cut-off date to February 17, 2006 (Dkt. # 121).  Defendants now move this court to compel Stonhard to respond to various discovery requests, most of which relate to Stonhard's alleged trade secrets.  In the alternative, Defendants move to dismiss Stonhard's trade secrets claim under Fed. R. Civ. P. 12(c) ("Rule 12(c)").

**A.     Defendants' Second Motion to Compel**

In their second motion to compel, Defendants have organized Stonhard's alleged deficient responses by topic and corresponding interrogatory ("ROG") or request for production ("RFP") number, as directed in the court's prior minute order (Dkt. # 94 at 2). The court takes each alleged deficiency in turn, but addresses only those interrogatories or RFPs actually briefed by Defendants.

**1.     Trade Secrets**

Defendants served Stonhard with interrogatories requesting that it identify each trade secret allegedly misappropriated by Defendants.  Defs.' 2nd Mot. at 2 (citing Mr. Campton's First Discovery Request, ROG no. 11; Hi-Tech's First Discovery Request,

---

[2] Although StonCor Group, Inc. filed this suit, Plaintiff's claims relate to its Stonhard division.

ORDER - 2

ROG no. 1). In response to Mr. Campton's interrogatory, Stonhard referenced its complaint[3] and then listed generic categories of trade secrets: "installer list/network," "pricing strategy and policies," and "customer lists." In November of 2005, Stonhard objected to Hi-Tech's more detailed question on the same subject on the grounds that the question sought information containing, of all things, trade secrets.[4] Stonhard also objected on grounds that Hi-Tech's question was compound.

Notwithstanding its prior objections, Stonhard contends that it has now complied with Defendants' discovery requests by revealing the pertinent information via other sources. Stonhard's Resp. at 6 (citing the declaration of Rick Neill, Sonhard's Vice President of Sales). Stonhard also argues that it sufficiently identified the trade secrets at issue in this case when, in its answer to Mr. Campton's interrogatory no. 11, it named three categories of its alleged trade secrets: installer network/list, pricing strategies and policies, and customer lists. Meanwhile, Defendants contend that they have "not received an answer to this very fundamental interrogatory."

The court is not persuaded that Stonhard's reference to other sources of information indicates a full and complete written response to Defendants' interrogatories. Even if Stonhard has disclosed information relevant to the three categories of alleged trade secrets cited above, the following statement is at least one indication that Stonhard

---

[3] The court notes that Stonhard's reference to its pleading is an improper interrogatory response. See, e.g., Smith v. Logansport Cmty. School Corp., 139 F.R.D. 637, 650 (N.D. Ind. 1991) (an interrogatory "should be complete in itself and should not refer to the pleadings, or to depositions or other documents . . .") (citing 4A J. Moore, J. Lucas, MOORE'S FEDERAL PRACTICE § 33.25[1] (2d ed.1991).

[4] In response to the second motion to compel, Stonhard appears to have thought better than to reassert its objection to Hi-Tech's interrogatory on grounds that the question sought trade secrets information – in the context of its *trade secrets* lawsuit. Indeed, as of the date of Stonhard's response, the parties had been operating under a stipulated protective order for approximately four months. (Dkt. # 23; signed July 30, 2005).

ORDER - 3

must do more: "StonCor's response to interrogatory 11 . . . identified the trade secrets that are at issue in this case: StonCor's installer network and list, its pricing strategies and policies, and its customer lists, *among other things*." Stonhard's Resp. at 6 (emphasis added). Defendants are entitled to discovery related to all of the so-called "other things" allegedly misappropriated.[5]

The court directs Stonhard to provide a full and complete written response to Mr. Campton's interrogatory no. 11 and Hi-Tech's interrogatory no. 1 within fourteen (14) days from the date of this order subject to the following limitations. If Stonhard contends that such information has otherwise been fully disclosed via other sources, it is free to say so in its responses; however, if Stonhard chooses to do so, it must indicate the precise location of such information (e.g., by exhibit number and paragraph), the nature of the trade secret at issue, and whether the information constitutes its full and complete response. As to the allegedly compound nature of Hi-Tech's interrogatory no. 1, the court considers the question to contain two discreet sub-parts and thus, the question counts as two interrogatories. Stonhard should provide a full and complete answer to the first question, which the court construes as ending with "and all efforts to keep that Trade Secret confidential." Stonhard must also provide a full and complete answer to the second question, which should now read: "Identify and describe . . . the nature, amount

---

[5] Without belaboring the point, the court notes that failure to identify trade secrets with some level of specificity could have grave consequences for Stonhard in the future. Cf. Imax Corporation v. Cinema Technologies, Inc., 152 F.3d 1161, 1165-68 (9th Cir. 1998) (exclusion of manufacturer's evidence was appropriate sanction where manufacturer continually failed to identify trade secrets with particularity in response to interrogatories). Although Imax involves California trade secrets law (which required plaintiff to identify with "sufficient particularity" its trade secrets prior to opening discovery), the sanction imposed by the trial court and upheld by the Ninth Circuit is equally available to this court.

ORDER - 4

and computation of damages arising from a misappropriation of [each and every] Trade Secret."

### 2. "P-File" and Customer List Information

Defendants requested that Stonhard produce a copy of the "P-File" which contains Stonhard's customer list that Defendants allegedly misappropriated. Defs.' 2nd Mot. at 3 (citing Mr. Campton's First Discovery Request, RFP no. 5(m)). Initially, Stonhard objected on the grounds that the request sought confidential and trade secret information. Stonhard subsequently produced various documents relating to the customer files and continues to do so. Defendants do not dispute this fact; rather, Defendants contend that the disclosed documents contain updates and amendments to the customer list that occurred after Mr. Campton's departure. The court is persuaded that the relevant alleged trade secret is the data that Mr. Campton possessed or had access to at the time he left Stonhard. Defendants are entitled to discovery of the unchanged, unaltered data as of April 2005. The court directs Stonhard to produce a copy of the P-File as it existed on or near April 15, 2005 within fourteen (14) days from the date of this order. If such an unaltered copy has already been produced or is unavailable, Stonhard should so indicate.

### 3. Pricing Strategies and Policies

Defendants requested that Stonhard disclose its pricing strategies and policies allegedly misappropriated by Defendants. Defs.' 2nd Mot. at 3 (citing Mr. Campton's First Discovery Request, ROG nos. 12, 18, 22, 24; RFP no. 4). In their briefing, Defendants only address Stonhard's allegedly deficient response with respect to interrogatory no. 24. Defs.' 2nd Mot. at 3; Defs.' 2nd Reply at 6. In their Reply, Defendants indicate that they seek any "written policies" in existence. Stonhard contends that it has supplemented its response to Defendants' request in January of 2006. The court is not prepared to grant a motion to compel on grounds that may or have become

ORDER - 5

moot given Stonhard's most recent production. If the matter remains unresolved, Defendants may renew their motion following a meet and confer with opposing counsel.

As to the remaining discovery requests that allegedly relate to pricing strategies and policies (ROG nos. 12, 18, 22, and RFP no. 4), the court declines to consider Defendants' motion without some briefing as to why Stonhard's responses are deficient. Indeed, as pointed out by Stonhard, interrogatory nos. 12 and 18 do not appear to even relate to pricing policies.

### 4. Cost Book

Defendants requested that Stonhard produce its "Cost Book." Defs.' Mot at 3-4 (citing Mr. Campton's First Discovery Request, RFP no. 5(n)). Defendants contend that the Cost Book contains a pre-market "material list price" used in calculating profits, which in turn, allows Defendants to test Stonhard's damages computations. Stonhard originally objected on confidentiality-related grounds. Stonhard now contends that it has disclosed to Defendants' counsel the cost of materials used by Stonhard in transactions with Costco from its computer system. Given that Stonhard alleges that Mr. Campton used confidential and trade secret information to obtain *other* Stonhard customers, and not just Costco, the court cannot conclude that Stonhard's production is full and complete. Thus, the court grants Defendants' motion to compel production of the Stonhard Cost Book. Stonhard has fourteen (14) days from the date of this order to supplement its document production.

### 5. Identity of Managers

The court denies Defendants' motion to compel Stonhard to identify its list of managers. Defs.' 2nd Mot. at 4 (citing Mr. Campton's First Discovery Request ROG nos. 4-6). Stonhard contends that it has supplemented its discovery response in order to

ORDER - 6

provide the identity and contact information of the relevant company managers; Defendants do not indicate otherwise in their Reply.

The court strongly cautions the parties that bringing discovery disputes to the court that become moot over the course of the briefing is a sure way to try the court's patience and increase the likelihood of sanctions against both parties in the future.

### 6. Warranty Claims

Defendants contend that Stonhard has failed to produce communications related to Costco regarding warranty claims. Defs.' 2nd Mot. at 4 (citing Mr. Campton's First Discovery Request, RFP no. 18). Stonhard contends that it has provided Defendants with significant electronic communications between Costco and Stonhard employees that would necessarily include warranty-related information. Defendants claim otherwise and point to the declaration of Howard Ackerman, a previous Stonhard employee, who cites to other documents potentially containing such information, besides electronic correspondence. Decl. Ackerman ¶ 6 (stating that, in response to finding a "field problem," Stonhard managers prepared a "Report of Complaint," followed up by a "No Charge Repair"). Accordingly, the court is not persuaded that Stonhard has provided a full and complete response to RFP no. 18, which is not limited to electronic communications. Stonhard has fourteen (14) days from the date of this order to supplement its document production.

**B.   Defendants' Third Motion to Compel**

In their third motion to compel, Defendants claim deficiencies with respect to "each and every" response of Stonhard to Hi-Tech's First Discovery Requests and Mr. Campton's Third Discovery Requests, issued on November 4, 2005. Defs.' 3rd Mot. at 1. Defendants contend that they have received "no answers" and thus, move for a blanket order compelling full and complete responses to all requests as well as for sanctions in

ORDER - 7

the form of attorneys' fees or dismissal under Fed. R. Civ. P. 37(d).  Prior to furnishing any response to Defendants' discovery requests, Stonhard attempted to meet with Defendants to narrow the scope and volume of requests.  Keeley Decl. at 1, 2. Defendants declined and asked opposing counsel to simply provide answers to as many questions as possible.  Farren Decl. at 5.  With the discovery cut-off looming and without an indication of when (or if) Stonhard would supplement its responses, Defendants filed their second and third motions to compel.

In this third motion to compel, the court faces a global discovery dispute that overlaps with the particulars already addressed in the court's ruling on the second motion to compel and resurfaces again in Defendants' motion to dismiss, discussed below. Although the court disfavors Defendants' scatter-gun approach to gaining the court's attention, it is even more discouraged by Stonhard's pattern of boilerplate objections to Defendants' routine-enough discovery requests.  In particular, the court considers Stonhard's objections on confidentiality-related grounds improper where the parties have stipulated to a protective order that affords attorney-eyes-only designations.  At the same time, the court is dismayed to learn that Hi-Tech propounded a number of interrogatories which exceeds the 25-count allowance under the federal rules without leave of the court. Moreover, of the first 25 interrogatories, at least a few appear to contain sub-parts – although not nearly as many as Stonhard contends.

The court is unwilling, at this time, to sift through some 100 discovery requests and responses/objections where some disputes have become moot by the parties' own resolution or by the court's ruling on the second motion and where it is far from clear that the parties attempted to resolve *each issue* at their meet and confer.  Thus, the court DEFERS consideration of Defendants' third motion to compel and directs the parties as follows.

ORDER - 8

The parties shall meet and confer, preferably in person, by February 13, 2006. For the second time over the course of this lawsuit, the court directs the parties to submit a letter to the court confirming that they have indeed participated in a conference. Prior to conferring with opposing counsel, Defendants shall weed out duplicative discovery requests as between Mr. Campton and Hi-Tech. Defendants shall not bring to the conference more than 25 interrogatories.[6] At the conference, the parties should address and attempt to resolve, in good faith, each and every remaining discovery dispute. The court urges Defendants to prepare an item-by-item chart of outstanding discovery requests in order to facilitate such a discussion. If any *specific* discovery matter remains unresolved after the parties confer, Defendants may submit a revised motion to compel, organized by interrogatory number or request for production number. The court strongly cautions Stonhard that its failure to identify objections with sufficient particularity will likely result in the court overruling such objections and awarding sanctions in Defendants' favor.

**C.    Defendants' Motion to Dismiss**

Lastly, Defendants move for a Rule 12(c) dismissal of Stonhard's trade secrets claim. Defendants contend that they are entitled to judgment as a matter of law because Stonhard fails in its complaint to describe with particularity the information that constitutes a trade secret. In support of their argument, Defendants also refer to the above discovery dispute to suggest that Stonhard's trade secrets claim lacks merit based on their contention that Stonhard is "hiding the ball" in discovery. In doing so, Defendants present matters outside of the pleadings, which, if considered by the court, would convert

---

[6] If Defendants wish to propound more than 25 interrogatories, they must obtain leave of the court.

ORDER - 9

their motion into a summary judgment motion governed by Fed. R. Civ. P. 56 ("Rule 56"). Fed. R. Civ. P. 12(c).

Defendants' motion fails whether considered under Rule 12(c) or Rule 56. First, because the court has already determined that Defendants are entitled to further discovery on the trade secrets claim, the court considers a motion for summary judgment as premature. Second, the court is satisfied that Stonhard's complaint meets the low threshold required to survive a Rule 12(c) motion. On Defendants' 12(c) motion, the court accepts all of Stonhard's allegations of fact as true, and construes them in the light most favorable to Stonhard. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989). Dismissal should not be granted "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Wyler Summity P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) (internal quotations and citations omitted).[7]

Here, construing the facts in the light most favorable to Stonhard, the court is satisfied that Stonhard states a claim upon which relief could be granted under Washington's Uniform Trade Secrets Act, RCW § 19.108.010 *et seq.*[8] Stonhard's complaint includes allegations that: Mr. Campton had "unique access" to "proprietary and confidential information concerning StonCor's sales and marketing strategies, pricing and pricing policies, and customer lists and installers . . ."; Mr. Campton had a duty to keep

---

[7] As both parties indicate, the standard for dismissal for failure to state a claim under Rule 12(c) is the same as under Fed. R. Civ. P. 12(b)(6).

[8] In general terms, a trade secret includes information that has independent economic value, is not generally known, and is the subject of reasonable efforts to maintain its secrecy. RCW § 19.108.010(4). Misappropriation includes the improper acquisition, disclosure, or use of such information. Id. at 19.108.010(2).

ORDER - 10

such information confidential under his employment agreement; and Mr. Campton abruptly resigned from Stonhard, signed with Hi-Tech, and actively solicited Stonhard customers using Stonhard's confidential and trade secrets information. Amended Compl. at ¶¶ 9-12, 21, 25, 27.  To be sure, Stonhard's pleading could have been more carefully drawn to incorporate its factual allegations in the subsequent discussion of specific causes of action.  Still, Stonhard's complaint need not be a model of clarity to survive dismissal. See, e.g., Alnwick v. European Micro Holdings, Inc., 281 F. Supp. 2d 629, 638 (E.D.N.Y. 2003) (denying motion to dismiss where plaintiff alleged that defendant improperly used a variety of secret information including its customer and supplier contacts and lists); A & G Healthplans v. Nat'l Network Services, No. 99-cv-12153(GBD), 2003 WL 1212933, at *3 (S.D.N.Y. Mar. 24, 2003) (denying motion to dismiss a trade-secret counterclaim where the defendant alleged that plaintiffs wrongfully used its confidential business relationships with medical providers to obtain discounts from those providers).

### III.  CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Defendants' second motion to compel and DENIES Defendants' motion to dismiss.  The court DEFERS consideration of Defendants' third motion to compel until further notice.

Dated this 7th day of February, 2006.

JAMES L. ROBART
United States District Judge